UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ESTATE OF STEPHEN DOURIS by its administrator, TINKA DOURIS; TINKA DOURIS, individually; SCD, a minor, by and through his guardian, TINKA DOURIS; IRD, a minor, by and through her guardian, TINKA DOURIS; CAD, a minor, by and through her guardian, TINKA DOURIS; EARL DOURIS, individually; DEBRA DOURIS, individually and TARA DOURIS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HENDERSON, a Political Subdivision of the State of Nevada; HENDERSON POLICE DEPARTMENT, a Political Subdivision of the City of Henderson; CHIEF THEDRICK ANDRES, individually and in an official capacity as Chief of Police of the Henderson Police Department; OFFICER TRAVIS NUSBAUM, individually and in an official capacity as an Officer of the Henderson Police Department; OFFICER DONALD OKAMI, individually and in an official capacity as an Officer of the Henderson Police Department; DOE OFFICERS I-X, inclusive; DOE INDIVIDUALS I-X, inclusive and ROE ENTITIES I-X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00371-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Defendants City of Henderson, Henderson Police Department Chief Andres, OFC. Nusbaum, and OFC. Okami's Motion to Stay Discovery. ECF No. 25. The Court has considered the Motion, Opposition, and Reply.

**I.      Background**

This case arises from the death of Stephen Douris, which Plaintiffs claim occurred in violation of Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights. Defendants disagree and filed a Motion for Summary Judgment on May 6, 2022, before a proposed discovery plan and

scheduling order was submitted in this action. ECF Nos. 6, 12. Defendants' Motion for Summary Judgment asserts qualified immunity as a bar to all of Plaintiffs' claims. ECF No. 6.

In their instant Motion Defendants seek a stay of discovery arguing "all of Plaintiffs' claims must be dismissed" as the decedent was armed with a "deadly weapon, acting erratically, ignoring lawful commands, with[stood] … low-lethal 40 mm shot gun rounds, and rapidly advance[ed] … on the officers …." ECF No. 25 at 5. Defendants state "video evidence conclusively shows that the Defendant Officers acted in complete uniformity with both Supreme Court and Ninth Circuit case law." *Id*. at 7. Defendants argues that the assertion of qualified immunity to all claims leads to a stay of discovery in accordance with existing case law. *Id*. at 8.

Plaintiffs contend a stay of discovery will prevent them from having any opportunity to conduct discovery or present expert testimony. ECF No. 27 at 2. Plaintiffs further contend there is a question of fact regarding whether Defendants acted reasonably. *Id*. Plaintiffs' Opposition to Defendants' Motion for Summary Judgment includes a Rule 56(d) request. ECF No. 20 at 7. Plaintiffs' argue that a declaration presented by Defendants in favor of summary judgment "identifies key facts that remain in dispute and explains" why "Plaintiffs need to conduct discovery to fully and adequately respond to Defendants' Motion in accordance with FRCP 56(c) and (d)." *Id*. Plaintiffs dispute that the video evidence to which Defendants point "conclusively establishes" Defendant officers acted reasonably and are entitled to qualified immunity. ECF No. 27 at 2. Plaintiffs aver the officers spoke to no one on the scene, created a dangerous situation by rushing the decedent, and otherwise conducted a frantic response to the 911 call made by the decedent's family. *Id.* at 3. To more thoroughly refute Defendants' contention that they acted reasonably under the circumstances, Plaintiffs state they must be able to conduct discovery, including the use of experts on the issue of, *inter alia*, excessive force. *Id.* at 4. Plaintiffs have retained an expert who spoke with officers involved in the events underlying this action and whose opinions, Plaintiffs contends, will be valuable and helpful to the trier of fact. Plaintiffs seek an opportunity to depose the individual officer Defendants as well as a Rule 30(b)(6) witness.

## II. Discussion

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the "heavy burden of making a strong showing" why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (internal quotation marks omitted). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

Moreover, even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556. Motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011). Accordingly, "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603.

Qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity shields government officials "from liability for civil damages insofar as their conduct d[id] not violate clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457

U.S. 800, 818 (1982). For a constitutional right to be clearly established, "existing precedent must have placed the ... constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotation marks omitted).

Importantly, qualified immunity is "an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (internal quotation marks omitted), *receded from on other grounds by Pearson*, 555 U.S. 223. For this reason, qualified immunity protects government officials not only from liability but also from "the costs of trial" and "the burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (internal quotation marks omitted).

While whether an official is entitled to qualified immunity is "an essentially legal question," *Crawford-El v. Britton*, 523 U.S. 574, 589 (1998) (internal quotation marks omitted), and "should be made early in the proceedings," *Saucier*, 533 U.S. at 200, if the actions alleged by Plaintiffs are not "actions that a reasonable officer could have believed lawful," or if the actions that Defendants claim they took differ from the actions alleged by Plaintiffs, "then discovery may be necessary" before a "motion for summary judgment on qualified immunity grounds can be resolved." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). The district court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

A preliminary peak at Defendants' Motion for Summary Judgment does not convince the Court there is no issue that will be more accurately assessed, under the law on which Defendants rely, following discovery. Thus, while Defendants' summary judgment motion is thorough, the Court's preliminary peek does not lead to the conclusion that the motion can be decided without providing Plaintiffs an opportunity to conduct any discovery at all. Said in sum, the Court is not convinced Plaintiffs are unable to state a claim for relief.

However, the above said, full blown discovery is not appropriate at this time. Rather, limited discovery specific to Plaintiffs' stated goal of refuting Defendants' claims on summary judgment, is allowed by the Court. To this end, the parties must meet and confer regarding limited discovery. Plaintiffs must identify with specificity what discovery is necessary in order to respond to

Defendants' qualified immunity defense. This *may* include expert disclosures and depositions of the same, as well as *some* other written and oral discovery. But, the Court stresses again that Plaintiffs *must* carefully consider what it is that they need in order to respond to Defendants' qualified immunity claim.

### III.    Order

Accordingly, IT IS HEREBY ORDERED that Defendants' City of Henderson, Henderson Police Department Chief Andres, OFC. Nusbaum, and OFC. Okami's Motion to Stay Discovery (ECF No. 25) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the parties must meet and confer to discuss conducting limited discovery in accordance with the directions provided above.

IT IS FURTHER ORDERED that the parties must file a proposed discovery plan and scheduling order addressing the limited discovery agreed upon within fifteen (15) days of the date of this Order.

IT IS FURTHER ORDERED that if the parties cannot agree on the scope of discovery, they shall file a status report with the Court within fifteen (15) days of the date of this Order identifying the discovery they agree upon, if any, the discovery upon which they disagree, and brief explanations regarding the basis for the contentions underlying the disagreement. Thereafter, the Court will either issue an order or set a hearing to consider the parties' disagreement.

Dated this 13th day of September, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE